## STEEN v. MID-CITY LUMBER COMPANY, INC.

---

(January 16, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Mechanics' Privileges** Par. 11.

Act 139 of 1922, establishing a building lien in favor of contractors and others does not include sub-contractor.

Appeal from the Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by Clark Steen against Mid-City Lumber Company, Inc., et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. C. McGee, of New Orleans, attorney for plaintiff, appellant.

P. M. Milner, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a concursus proceeding. The question for our consideration is the validity vel non of an alleged building lien claimed by the Natalby Lumber Company, Ltd. The judgment of the trial court was against the asserted lien and the claimant has appealed.

The record shows that one Clark Steen was the principal contractor, employed by the Dominican Fathers Provinciae S. S. Rosarii of Louisiana, Inc., for the purpose of erecting a church in Lakeview, this city; that the Mid-City Lumber Company contracted with Steen to furnish the lumber for the church, and that the Natalby Lumber Company sold the Mid-City Lumber Company a car of lumber for use in constructing the church valued at $735.23, for which amount a building lien is claimed under Act 139 of 1922.

The lien was recorded in the mortgage office against the church in the name of Steen, no reference being made to the Mid-City Lumber Company, apparently in support of the effort which counsel makes in argument to show that Steen and not the Mid-City Lumber Co. was his debtor. His argument is based upon an alleged conversation between the representative of the Natalby Lumber Company and Steen in which Steen is said to have agreed to pay for the lumber if it be released to the Mid-City Lumber Co., delivery being held

up because the sight draft which was attached to the bill of lading covering the shipment had not been paid. Steen denies the statement attributed to him, and other elements of weakness in this contention are apparent. Counsel himself seems to recognize this fact for in his brief he says: "We, the Natalby Lumber Company, therefore take the position that as a furnisher of material to a sub-contractor, which material the evidence shows conclusively went into the construction of the church belonging to the Dominican Fathers, are entitled to a lien and privilege under Act 139 of 1922."

Unfortunately, for counsel, the position he takes is opposed to the views of the Supreme Court, for in Frank vs. Waters, 162 La. 255, 110 South. 413, the contrary was expressly decided. We quote the concluding sentence of the court: "Our conclusion is that the act of 1922 does not embrace those furnishing material to a subcontractor."

Under the circumstances, the judgment appealed from must be and it is affirmed.